ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ELIZABETH ROSADO PÉREZ**<br>DEMANDANTE(S)-APELANTE(S)<br><br>V.<br><br>**COCO VACATION CLUB I, LLC H/N/C COCO BEACH RESORT; COMPAÑÍAS ASEGURADORAS X, Y, Z, JOHN DOE, INC.**<br>DEMANDADA(S)-APELADA(S) | **KLAN202201036** | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **FAJARDO**<br><br>Caso Núm.<br>**FA2022CV00546 (301)**<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 12 de julio de 2024.

Comparece ante este Tribunal de Apelaciones, la señora **ELIZABETH ROSADO PÉREZ** (señora **ROSADO PÉREZ**) mediante *Apelación* incoada el 19 de diciembre de 2022. En su escrito, nos solicita que revisemos la *Sentencia Parcial* dictaminada el 18 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[1] Mediante dicho dictamen, entre otras cosas, se desestimó, con perjuicio, la *Primera Demanda Enmendada* presentada el 3 de agosto de 2022 en contra de **COCO VACATION CLUB I, LLC** (**COCO VACATION**).

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 18 de noviembre de 2022. Apéndice de la *Apelación,* págs. 89- 97.

Número Identificador:  SEN2024_____

**- I -**

El 26 de mayo de 2022, la señora **ROSADO PÉREZ** entabló *Demanda* sobre daños y perjuicios.[2] Alegó que el 9 de junio de 2021, al salir de su habitación en las facilidades de Coco Beach Resorts se resbaló en un pasillo, cerca del lobby, ello debido a que el piso se encontraba mojado. Expuso que, como consecuencia de su caída, se torció su tobillo izquierdo; sintió dolor en su espalda baja; y estuvo dos (2) días utilizando una silla de ruedas hasta que finalizó su estadía. Enunció que el 18 de junio de 2021, visitó el doctor Juan Ortiz Matos, médico internista, quien le evaluó; le inyectó Toradol; le ordenó realizarse un MRI y el uso de una tobillera inmovilizadora; así como le refirió a un ortopeda. En consecuencia, reclamó el pago por la cantidad de $80,000.00 por concepto de daños físicos, emocionales y morales.

El 3 de junio de 2022, la señora **ROSADO PÉREZ** presentó *Moción Informativa* manifestando que el 1 de junio de 2022, la corporación ABC, Inc. h/n/c Coco Beach Resorts y/o Hyatt Regency fue debidamente emplazada.[3]

Después, el 14 de julio de 2022, la Corporación ABC, Inc. h/n/c Hyatt Regancy, cuyo nombre correcto es Aimbridge (PR) Services, LLC (Aimbridge) presentó su *Contestación a Demanda* conteniendo sus defensas afirmativas.[4] Arguyó que Coco Beach Resorts y el Hyatt Regency Grand Reserve son dos (2) propiedades separadas pertenecientes a entidades separadas no relacionadas. Exteriorizó, entre otras cosas, que la señora **ROSADO PÉREZ** debía confirmar donde ocurrió el alegado incidente, y mostrar la evidencia que corroborara su estadía.

El 28 de julio de 2022, la señora **ROSADO PÉREZ** presentó una *Solicitud de Autorización para Enmendar la Demanda* acompañada de *Primera Demanda Enmendada*.[5] Informó que el nombre real de la parte co-

---

[2] Apéndice de la *Apelación,* págs. 1- 3.
[3] *Íd.*, págs. 4- 6.
[4] *Íd.,* págs. 10- 17.
[5] *Íd.*, págs. 18- 25.

demandada con el nombre ficticio "Corporación ABC, Inc." es **Coco Vacation Club I, LLC (Coco Vacation)**.

El 11 de agosto de 2022, la señora **Rosado Pérez** presentó *Moción Informativa* aludiendo que el 8 de agosto de 2022, **Coco Vacation** fue debidamente emplazada.[6]

A los pocos días, el 15 de agosto de 2022, Aimbridge presentó su *Moción Aclaratoria y en Solicitud de Desestimación*.[7] Argumentó que no es dueña, operadora o administradora del hotel conocida como Coco Beach Resorts. Añadió que, de los hechos narrados en la *Primera Demanda Enmendada* no surge acto u omisión culposo y/o negligente alguno de Aimbridge y/o de sus empleados. Instó que se dictara Sentencia Parcial desestimando, con perjuicio, la *Primera Demanda Enmendada*.

En ese sentido, 12 de septiembre de 2022, el foro *a quo* decretó *Orden* en la cual determinó: "[n]o habiendo objeción de la Demandante a "Moción Aclaratoria y en Solicitud de Desestimación" del 15 de agosto de 2022, se declara con lugar [...].[8] El 30 de septiembre de 2022, el tribunal primario pronunció *Sentencia Parcial* en la cual declaró con lugar la *Moción Aclaratoria y en Solicitud de Desestimación* presentada el 15 de agosto de 2022 por Aimbridge; y en su consecuencia se desestimó, con perjuicio, la *Primera Demanda Enmendada* en contra Aimbridge (PR) Services LLC.[9]

Posteriormente, el 18 de octubre de 2022, **Coco Vacation** presentó su *Moción de Desestimación y/o Solicitud de Sentencia Sumaria*.[10] Afirmó que opera un club dedicado a los servicios de alojamiento vacacional de multipropiedad o "*time-share*" localizado en los predios del proyecto turístico conocido como Coco Beach en Río Grande, Puerto Rico; y dentro del mencionado complejo turístico hay una hospedería que opera bajo el nombre

---

[6] Apéndice de la *Apelación,* págs. 26- 28.
[7] *Íd.*, págs. 29- 34.
[8] *Íd.*, pág. 38.
[9] *Íd.*, págs. 43- 46.
[10] *Íd.*, págs. 49- 64.

de Hyatt Regency Grand Reserve. Al día siguiente, el foro de instancia dictó *Orden* disponiendo: "[t]engan las demás partes 20 días para expresarse".[11]

El 3 de noviembre de 2022, la señora **ROSADO PÉREZ** presentó una *Oposición a Solicitud de Desestimación*.[12] Planteó que: (1) las alegaciones de la *Demanda* se deben tomar por ciertas; (2) procede posponer la consideración de la moción de desestimación hasta tanto la señora **ROSADO PÉREZ** tenga la oportunidad de realizar descubrimiento de prueba; y (3) la causa de acción no está prescrita.

Más tarde, el 7 de noviembre de 2022, **COCO VACATION** presentó una *Moción Informando Intención de Replicar a Oposición a Moción de Desestimación*.[13] Ese mismo día, se emitió *Orden* en la cual se expuso: [e]l tribunal da el asunto por sometido. Someta Proyecto de Sentencia en el término de 10 días".[14]

El 18 de noviembre de 2022, el tribunal intimó la *Sentencia Parcial* apelada. En la referida decisión judicial, se propuso las siguientes determinaciones de hechos:

1. Elizabeth Rosado Pérez, es mayor de edad, casada, empleada y vecina de Corozal, Puerto Rico.
2. Coco Vacation Club I, LLC es una compañía de responsabilidad limitada creada y organizada bajo las Leyes del Estado Libre Asociado de Puerto Rico.
3. Coco Vacation se dedica a manejar el club vacacional dedicado a los servicios de alojamiento vacacional de multipropiedad o "time-share" (en adelante, "Club Vacacional") localizado en los predios del proyecto turístico conocido como Coco Beach en Río Grande, PR.
4. Dentro del complejo turístico conocido como Coco Beach en Río Grande, P.R., además de Club Vacacional hay un hotel el cual opera bajo el nombre de Hyatt Regency Grand Reserve (en adelante, Hotel).
5. El 9 de junio de 2021, aproximadamente a las 3:00 pm[,] la Sra. Rosado estaba hospedándose en las facilidades de Coco Beach Resorts o el Hotel.
6. Al salir de su habitación, la Sra. Rosado resbaló en uno de los pasillos cerca del lobby, debido a que estaba mojado. Su tobillo izquierdo se le torció, cayendo sentada en el suelo.
7. La Sra. Rosado gritó fuertemente del susto y el dolor y unas personas que estaban en el área la ayudaron a levantar, la sentaron en un sillón de ruedas y la llevaron al lobby.

---

[11] Apéndice de la *Apelación*, pág. 65.
[12] *Íd.*, págs. 66- 71.
[13] *Íd.*, págs. 75- 76.
[14] *Íd.*, pág. 77.

8. Una empleada del Hotel le llenó un informe de incidente.
9. Coco Vacation no es dueña de Coco Beach Resort o el Hotel.
10. Coco Vacation no opera, ni administra ni hace negocios como Coco Beach Resort o el Hotel.
11. El Hotel es una entidad separada a Coco Vacation.
12. El Hotel está ubicado en un lote separado y diferente de los predios del Club Vacacional.
13. La entrada del Hotel es distinta y separada a la entrada del Club Vacacional.
14. El Club Vacacional no cuenta con un vestíbulo o área de "Lobby" como tiene el Hotel.
15. La Sra. Rosado no ha suscrito un Contrato de Prestaciones del Servicios del Alojamiento Vacacional o membresía con el Club Vacacional.
16. Coco Vacation no tiene registro de reservación en el Club Vacacional para el 9 de junio de 2021 bajo el nombre de la Sra. Rosado.
17. En los récords de negocio de Coco Vacation, no hay reporte de incidente ocurrido en el Club Vacacional con fecha del 9 de junio de 2021 a nombre de la Sra. Rosado.

Inconforme, el 19 de diciembre de 2022, la señora **ROSADO PÉREZ** instó una *Apelación* ante este Tribunal de Apelaciones. En su recurso, señala el(los) siguiente(s) error(es):

Erró el Honorable Tribunal de Primera Instancia al declarar ha lugar la solicitud de desestimación de Coco Vacation Club I, LLC, sin primero tomar como ciertos todos los hechos bien alegados en la Primera Demanda Enmendada y a pesar de que existen controversias de hechos materiales que impiden la concesión del remedio sumario solicitado.

Erró el Honorable Tribunal de Primera Instancia al declarar ha lugar la solicitud de desestimación fundamentada en alegaciones de hechos de una declaración jurada sin permitir que, conforme a la Regla 36.6 de las Reglas de Procedimiento Civil, la Sra. Rosado realice descubrimiento de prueba y confronte al testigo.

El 17 de enero de 2023, decretamos *Resolución* en la cual concedimos un plazo de treinta (30) días para presentar alegato en oposición. Al otro día, 18 de enero de 2023, **COCO VACATION** presentó su *Alegato de la Parte Apelada Coco Vacation Club.*

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

## - II -

### - A – Regla 10 de las de Procedimiento Civil de 2009

La Regla 10 de las de Procedimiento Civil de 2009, sobre las defensas y objeciones, faculta a la parte demandada presentar tres (3) clases de mociones antes de su alegación responsiva.[15] Estas son: (i) moción de desestimación (Regla 10.2); (ii) moción para solicitar una exposición más definida (Regla 10.4); y moción eliminatoria (Regla 10.5). La presentación de cualquiera de estas mociones interrumpe el plazo para contestar la reclamación. Empero, la Regla 10.7 requiere la acumulación de las defensas. En otras palabras, si se presenta un escrito que no comprende alguna de dichas defensas u objeciones posteriormente no se podrá presentar otro petitorio fundado en alguna defensa u objeción omitida excepto: falta de jurisdicción sobre la materia (Reglas 10.2(1)) así como haber dejado de exponer una reclamación que justifique la concesión de un remedio; haber omitido acumular una parte indispensable; o haber omitido exponer una defensa legal a una reclamación (Regla 10.8 (b)).

A su vez, la Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse antes de una alegación responsiva.[16] Una moción de desestimación bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la demanda solicitando que se desestime la causa de acción presentada en su contra.[17]

La antedicha Regla dispone como fundamentos para la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte

---

[15] 32 LPRA Ap. V, R. 10.
[16] 32 LPRA Ap. V, R. 10.2.
[17] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017)., págs. 305– 306.

indispensable.[18] La falta de jurisdicción constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[19]

El estándar adjudicativo al evaluar una moción de desestimación exige que los tribunales tomen como ciertos "todos los hechos bien alegados de la demanda y que hayan sido aseverados de manera clara y concluyente".[20] La obligación de tomar como ciertos únicamente los hechos bien alegados de la demanda supone excluir o eliminar del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[21]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la demanda.[22] Ante ello, "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[23] Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo

---

[18] Véase *Costas Elena y otros v. Magic Sport y otros Culinary Corp.*, 2024 TSPR 13; 213 DPR ___.

[19] *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 539 (2019).

[20] *González Méndez v. Acción Social et al.*, 196 DPR 213 (2016).

[21] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asoc. Importadores de Cerveza v. E.L.A.,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)). Hernández Colón, *op. cit.*, págs. 307– 308.

[22] *González Méndez v. Acción Social et al., supra,* pág. 234.

[23] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008).

el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[24]

De esta forma, solo procederá una moción de desestimación cuando la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[25] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[26]

### - B - Regla 36 de las de Procedimiento Civil de 2009

La *sentencia sumaria* es un mecanismo procesal extraordinario disponible para adjudicar controversias cuando no se requiere la celebración de un juicio.[27] Su propósito o finalidad es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales solo resta dirimir una controversia de derecho.[28]

Este mecanismo se encuentra instituido por la Regla 36 de las de Procedimiento Civil de 2009.[29] Esta prescribe que cualquiera de las partes "podrá presentar [...] una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[30]

Lo anterior implica que, la parte promovente debe demostrar que no existe controversia sustancial sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí

---

[24] *González Méndez v. Acción Social, supra*, págs. 234 – 235. Hernández Colón, , *op. cit.*, pág. 307.

[25] *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013); *Ortiz Matías et al. v. Mora Development*, 187 DPR 649 (2013). Hernández Colón, *op. cit.*, pág. 307.

[26] *Ortiz Matías et al. v. Mora Development, supra.*

[27] *Birriel Colón v. Econo y otro*, 2023 TSPR 120; 213 DPR ___; *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

[28] *Birriel Colón v. Econo. y otro, supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).

[29] 32 LPRA Ap. V, R. 36.3 (a); *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 432.

[30] *Acevedo y otros v. Dpto. de Hacienda y otros*, 212 DPR 335 (2023).

la verdad sobre todos los hechos pertinentes.[31] Para ello, debe desglosar en párrafos debidamente numerados y, para cada uno de ellos, debe especificar la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya.[32] La jurisprudencia interpretativa ha definido que "[u]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[33]

Por su parte, quien se opone a que se dicte *sentencia sumaria* está obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una controversia real y sustancial que debe dilucidarse en juicio.[34] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una solicitud de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[35] Empero, será el análisis del derecho aplicable y de la existencia de alguna controversia sustancial de hechos materiales lo que determinará si procede dictar sentencia sumariamente, y no el que la parte contraria deje de oponerse a la solicitud, o lo haga defectuosamente.[36]

Al evaluar la procedencia de la solicitud de *sentencia sumaria*, el tribunal analizará los documentos que acompañan la moción de *sentencia sumaria*, los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal.[37] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de

---

[31] *Serrano Picón v. Multinational Life Ins*, 2023 TSPR 118; 213 DPR ____; *Ramos Pérez v. Univisión*, *supra*, pág. 213.

[32] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*.

[33] *Serrano Picón v. Multinational Life Ins.*, *supra*; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, *supra*, pág. 213.

[34] *Ramos Pérez v. Univisión*, *supra*, pág. 214.

[35] *Íd.*, págs. 215- 216.

[36] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).

[37] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).

sentencia sumaria".[38]

No obstante, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[39] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[40]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de tres (3) maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta prueba que apoye una defensa afirmativa, o (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente.

Por otro lado, la parte promovida puede prevalecer por la vía sumaria en escenarios diversos. A modo de ejemplo, puede establecer que no hay controversia real de hechos relevantes sobre, al menos, uno de los elementos de la causa de acción de la parte promovente. También puede establecer la existencia incontrovertible de prueba que sustente una defensa afirmativa.[41]

Ahora bien, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[42] Esto significa que, al evaluar la solicitud de *sentencia sumaria*, al igual que el foro primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento Civil de 2009 y su jurisprudencia interpretativa. Ello supone examinar el

---

[38] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).
[39] *Ramos Pérez v. Univisión, supra*, pág. 214.
[40] *Íd.*
[41] *Íd.*, pág. 217.
[42] *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015).

expediente de la manera más favorable hacia la parte que se opuso a la solicitud de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor. Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma instituidos en la Regla 36 de las de Procedimiento Civil de 2009.[43]

En esencia, si el foro primario acogió la moción y dictó sentencia sumariamente, nos corresponderá revisar que, efectivamente no existan hechos materiales en controversia.[44] De no existir, procederemos entonces a revisar de *novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho. Por el contrario, si el foro primario denegó la moción de *sentencia sumaria* por entender que existían hechos materiales en controversia, "**el tribunal apelativo solo revisa si el foro primario abusó de su discreción**".[45] En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[46]

- C -

Nuestro ordenamiento procesal tiene prevista la situación en que la parte promovida por una moción de *sentencia sumaria* no haya tenido la oportunidad de obtener prueba para apoyar algún hecho medular que justifique su oposición.[47] En este sentido, la Regla 36.6 de las de Procedimiento Civil de 2009 permite a un juzgador de hechos denegar o posponer la resolución de una solicitud de *sentencia sumaria* si la parte

---

[43] *Birriel Colón v. Econo y otro, supra.*
[44] *Rivera Matos et al. v. Triple S et al.*, 204 DPR 1010, 1025 (2020).
[45] *Meléndez González et al. v. M. Cuebas, supra,* pág. 116. (énfasis nuestro).
[46] *Birriel Colón v. Econo y otro, supra,* pág. 5; *Meléndez González et al. v. M. Cuebas, supra,* págs. 114 – 116.
[47] *García Rivera et al. v. Enríquez*, 153 DPR 323, 339 (2001).

promovida demuestra que no está en condiciones de oponerse a la misma.[48]

Específicamente concierta lo siguiente:

> Si de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia o posponer su consideración concediéndole a la parte promovida un término razonable para que pueda obtener declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia, o dictar cualquier otra orden que sea justa.

Así, de lo anterior, se desprende que la parte promovida que se oponga a una solicitud de *sentencia sumaria* puede solicitar que se posponga la resolución de esta hasta que se haya completado un adecuado descubrimiento de prueba, de manera que pueda sustanciar sus alegaciones.

- III -

En esencia, la señora Rosado Pérez alegó que el foro primario erró al declarar *ha lugar* la *Moción de Desestimación y/o Solicitud de Sentencia Sumaria;* y, en consecuencia, desestimar su causa de acción contra Coco Vacation. En primer lugar, fundamentó su posición en que el foro de instancia no tomó como ciertas las alegaciones de hechos contenidas en la *Primera Demanda Enmendada.* Además, argumentó que incidió al no permitir que se realizara un descubrimiento de prueba.

Por su parte, Coco Vacation arguyó que la señora Rosado Pérez presentó la *Primera Demanda Enmendada* en la cual aseveró que el 9 de junio de 2021 "estaba hospedándose en las facilidades de Coco Beach Resorts (el "Hotel")". Asimismo, surge de las alegaciones que la caída ocurrió "al salir de su habitación, resbaló en uno de los pasillos cerca del lobby". Por otra parte, Coco Vacation adujo que no es dueña, operadora, administradora ni hace negocios como Coco Beach Resorts o Hotel.

Por estar íntimamente relacionados, discutiremos los señalamientos de error en conjunto. Como cuestión de umbral, precisa señalar que, a tenor

---

[48] 32 LPRA Ap. V, R. 36.6.

con la normativa atinente a la revisión de *sentencia sumaria*, y luego de evaluar concienzudamente los respectivos escritos presentados, hallamos que la *Oposición a Solicitud de Desestimación* presentada por la señora ROSADO PÉREZ no cumple con los requisitos de forma estatuidos en la Regla 36 de las de Procedimiento Civil de 2009, *supra*.[49] Esto es, la señora ROSADO PÉREZ no incluyó una relación en párrafos enumerados de los hechos esenciales que consideraban incontrovertidos o controvertidos. Tampoco hizo referencia a los párrafos o las páginas de las declaraciones juradas o cualquier otra prueba admisible en evidencia que estableciera tales hechos, tal y como lo exige la Regla 36.3 de las de Procedimiento Civil de 2009, *supra*. Ello, sin embargo, no dispone sin más de la controversia ante nuestra consideración.

Al revisar la totalidad del expediente judicial, este revela que el foro apelado aplicó correctamente la Regla 36 de las de Procedimiento Civil de 2009. En ese sentido, determinó los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial. En consecuencia, acogemos los hechos no controvertidos. En lo pertinente, el foro primario dispuso en su dictamen recurrido lo siguiente:

> [...]
> En el caso ante nos, no existe controversia en cuanto a que el incidente ocurrido el 9 de junio de 2021 que da base a la reclamación interpuesta por la Sra. Rosado ocurrió en el Hotel. Según se desprende de las Determinaciones de Hechos, las alegaciones de la Sra. Rosado se refieren a un incidente ocurrido cuando la Sra. Rosado salió de su habitación al pasillo del Hotel y luego fue transportada al lobby del Hotel. Asimismo, de las Determinaciones de Hechos surge que Coco Vacation no es la dueña, ni opera, ni administra el Hotel. También se ha establecido que Coco Vacation no hace negocios como Coco Beach Resort ni como el Hotel y que no está encargada de operar y mantener el Hotel donde alega la Sra. Rosado se cayó en uno de los pasillos cerca de lobby. El Hotel es una entidad separada a Coco Vacation.
> De las alegaciones de la Primera Demanda Enmendada, aun examinándola de la forma más favorable para la parte demandante, no surgen alegaciones que el incidente ocurrió en el Club Vacacional. Por el contrario, los hechos presentados por

---

[49] Mediante el susodicho escrito, solicitó que se postergara la resolución de la moción presentada por COCO VACATION. Sin embargo, para sostener su petición, incluyó una *Declaración Jurada* del señor Frank Vega Pérez, el emplazador. El único efecto que tuvo dicha *Declaración Jurada* fue establecer como advino en conocimiento de la existencia de la corporación COCO VACATION y del diligenciamiento del emplazamiento.

Coco Vacation, recogidos en la Declaración Jurada de la Sra. Omaira López, Hotel Services Manager de Coco Vacation, y que no fueron controvertidos por la Sra. Rosado, se desprende que el Hotel está en un lote separado y diferente al Club Vacacional, que la entrada del Hotel es diferente a la del Club Vacacional y que el Club Vacacional no cuenta con un vestíbulo o área de "lobby" como el que se alega en la Primera Demanda Enmendada. También se desprende de las Determinaciones de Hecho que entre los récords de negocio de Coco Vacation, no hay un Contrato de Prestaciones de Servicios del Alojamiento Vacacional o membresía suscrita en el Club Vacacional bajo el nombre de la Sra. Rosado ni que en el registro de reservaciones del Club Vacacional para el 9 de junio de 2021 haya una reservación o un reporte de incidente bajo el nombre de la Sra. Rosado.

Este Tribunal entiende que el lugar donde ocurrió el accidente pudo haber sido probado por la Sra. Rosado independientemente de quien sea la entidad dueña o encargada de manejar el Hotel. Dado a que la Sra. Rosado no ha presentado evidencia o declaración jurada alguna que controvierta la alegación de Coco Vacation de que el accidente no ocurrió en el Club Vacacional, procede desestimar la demanda con perjuicio en contra de Coco Vacation.

En consecuencia, al examinar la totalidad de las alegaciones de la Primera Demanda Enmendada no surge que el incidente ocurrió en los predios del Club Vacacional, propiedad que opera Coco Vacation y que es una entidad distinta y en una localización separada al Hotel. De lo anterior resulta forzoso concluir que no surge acto y/u omisión culposa o negligente atribuible a Coco Vacation y/o sus agentes o empleados en base a los cuales se les pudiera atribuir responsabilidad por el incidente y/o los daños que se reclaman en la Primera Demanda Enmendada.

Es nuestro deber revisar si el foro de instancia aplicó correctamente el derecho al asunto que nos ocupa. Resolvemos en la afirmativa. Lo cierto es que inexiste duda en torno a que el 9 de junio de 2021, la señora **Rosado Pérez** no se hospedó en las facilidades de **Coco Vacation**. De los hechos incontrovertidos del caso, surge que el día de los hechos, la señora **Rosado Pérez** se estaba hospedando en las facilidades de Coco Beach Resorts o el Hotel; una empleada del Hotel le cumplimentó un informe de incidente; y para la fecha del incidente, en **Coco Vacation** no existe registro de reservación a nombre de la señora **Rosado Pérez**. En definitiva, colegimos que el tribunal primario no erró ni abusó de su discreción, cometió perjuicio o error manifiesto al declarar ha lugar la *Moción de Desestimación y/o Solicitud de Sentencia Sumaria* presentada por **Coco Vacation** toda vez que su determinación es esencialmente correcta y encontró fundamento en los documentos que obran

en el expediente judicial. En conclusión, **no** se cometieron los errores señalados.

- **IV** –

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia Parcial* expedida el 18 de noviembre de 2022 por el Tribunal de Primera Instancia, Sala Superior de Fajardo.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones